### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

### David Chen YU and Quest Capital Strategies, Inc., Defendants.

### No. 02 Civ. 01512(PLF).

United States District Court, District of Columbia.

Sept. 25, 2002.

Amended Memorandum on Order Oct. 3, 2002.

Wayne M. Carlin, Leslie Kazon, U.S. S.E.C., New York, NY, Timothy G. Hansen, Sandeep Savla, S.E.C., New York, NY, for Plaintiff.

Robert Naresh Vohra, Thiemann Aitken Vohra & Rutledge, Alexandria, VA, David Usher Gourevitch, Stueve Helder Siegel, LLP, New York, NY, Daniel McCrea Schember, Gaffney & Schember, P.C., Washington, DC, for Defendants.

## ORDER OF PRELIMINARY INJUNCTION

PAUL L. FRIEDMAN, District Judge.

Plaintiff Securities and Exchange Commission having moved for an Order of Preliminary Injunction enjoining defendant David Chen Yu from violating an Order Imposing Remedial Sanctions issued by the Commission on October 15, 2001 in *Quest Capital Strategies, Inc. and David Chen Yu,* Exchange Act Release No. 44935 (the "Commission Order"), and enjoining defendants Quest Capital Strategies, Inc. and Yu from violating Section 15(b)(6)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(b)(6)(B), and the Court having considered all papers filed in support of, and in opposition to, the Commission's Motion, and having heard argument at a hearing on September 17, 2002, the Court makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over defendants Quest and Yu, and venue properly lies in this district; and

2. The Commission has made a sufficient and proper showing in support of the relief granted herein under Section 21(e) of the Exchange Act, 15 U.S.C. § 78u(e). The Commission has made a substantial showing of the likelihood that Yu has violated, and will continue to violate, the Commission Order, and that defendants Quest and Yu have violated, and will continue to violate, Section 15(b)(6)(B) of the Exchange Act.

**NOW, THEREFORE,**

## I.

**IT IS HEREBY ORDERED** that, pending a final adjudication on the merits of this action, defendant Yu is hereby enjoined from

    (A) retaining a requisite degree of responsibility, ability, or authority to affect the conduct of persons associated with Quest;

    (B) advising on or otherwise involving himself in Quest's response to regulatory or disciplinary problems;

    (C) influencing the hiring, firing, disciplining, or amount of compensation of persons associated with Quest;

    (D) influencing the hiring, firing, disciplining, or supervision of any Quest compliance personnel or compliance consultant;

    (E) formulating, approving, disapproving, or implementing procedures, or systems for applying such procedures, designed to prevent and detect violations of the statutes, rules, and regulations enumerated in Section 15(b)(4)(E) of the Exchange Act;

    (F) formulating, approving, disapproving, or implementing policies or procedures designed to ensure compliance with the Commission Order;

or otherwise associating with a broker-dealer or investment adviser, including but not limited to Quest, in a supervisory capacity, in violation of the Order Imposing Remedial Sanctions issued by the Commission on October 15, 2001 in *Quest Capital Strategies, Inc. and David Chen Yu*, Exchange Act Release No. 44935. For the purpose of this Order of Preliminary Injunction, the term "person associated with" Quest is defined as the term "person associated with a broker or dealer" is defined by Section 3(a)(18) of the Exchange Act for purposes of Section 15(b)(6) of that Act.

## II.

**IT IS FURTHER ORDERED** that, pending a final adjudication on the merits of this action, defendant Yu is hereby enjoined from

    (A) retaining a requisite degree of responsibility, ability, or authority to affect the conduct of persons associated with Quest;

    (B) advising on or otherwise involving himself in Quest's response to regulatory or disciplinary problems;

    (C) influencing the hiring, firing, disciplining, or amount of compensation of persons associated with Quest;

    (D) influencing the hiring, firing, disciplining, or supervision of any Quest compliance personnel or compliance consultant;

    (E) formulating, approving, disapproving, or implementing procedures, or systems for applying such procedures, designed to prevent and detect violations of the statutes, rules, and regulations enumerated in Section 15(b)(4)(E) of the Exchange Act;

    (F) formulating, approving, disapproving, or implementing policies or pro-

cedures designed to ensure compliance with the Commission Order; or otherwise associating with a broker-dealer, including but not limited to Quest, in a supervisory capacity, in violation of Section 15(b)(6)(B) of the Exchange Act, 15 U.S.C. § 78*o*(b)(6)(B).

## III.

**IT IS FURTHER ORDERED** that, pending a final adjudication on the merits of this action, defendant Quest is enjoined from

(A) permitting Yu to retain a requisite degree of responsibility, ability, or authority to affect the conduct of persons associated with Quest;

(B) permitting Yu to advise on or otherwise be involved in Quest's response to regulatory or disciplinary problems;

(C) permitting Yu to influence the hiring, firing, disciplining, or amount of compensation of persons associated with Quest;

(D) permitting Yu to influence the hiring, firing, disciplining, or supervision of any Quest compliance personnel or compliance consultant;

(E) permitting Yu to formulate, approve, disapprove, or implement procedures, or systems for applying such procedures, designed to prevent and detect violations of the statutes, rules, and regulations enumerated in Section 15(b)(4)(E) of the Exchange Act;

(F) permitting Yu to formulate, approve, disapprove, or implement policies or procedures designed to ensure compliance with the Commission Order;

or otherwise, directly or indirectly, permitting a person as to whom a Commission order is in effect, without the consent of the Commission, to become or remain a person associated with Quest in contravention of such a Commission order, if it knows or in the exercise of reasonable care should know of such order, in violation of Section 15(b)(6)(B) of the Exchange Act.

## IV.

**IT IS FURTHER ORDERED** that service of this order shall be sufficient if made upon Defendants or their counsel, Robert N. Vohra, Esq., Thiemann Aitken & Vohra, LLC, 908 King Street, Suite 300, Alexandria, Virginia 22314–3019. Service of this order shall be by hand, by facsimile or by overnight courier service for delivery on, or the date following, the date of this order.

## V.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

### *AMENDED MEMORANDUM OPINION*

This case came before the Court for a hearing on plaintiff's motion for a preliminary injunction on September 17, 2002. Based upon plaintiff's motion, memorandum of law and exhibits, defendants' opposition and exhibits, and plaintiff's reply, as well as the arguments presented in Court, the Court has determined that plaintiff is entitled to a preliminary injunction.

### I. BACKGROUND

The Securities and Exchange Commission brings this action pursuant to Section 21 of the Securities Exchange Act of 1934, 15 U.S.C. § 78u, which authorizes the Commission to seek a preliminary injunction "[w]henever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of

this chapter, the rules or regulations thereunder ...." 15 U.S.C. § 78u(d)(1). Under the law of this Circuit, the SEC is entitled to a preliminary injunction if "the evidence establishes a strong *prima facie* case of previous violations and a reasonable likelihood that the wrong will be repeated." *SEC v. Int'l Loan Network, Inc.*, 770 F.Supp. 678, 688 (D.D.C.1991); *aff'd*, 968 F.2d 1304 (D.C.Cir.1992). *See also SEC v. First City Financial Corp.*, 890 F.2d 1215, 1228 (D.C.Cir.1989) (applying "reasonable likelihood" standard); *SEC v. Savoy Industries, Inc.*, 587 F.2d 1149, 1168 (D.C.Cir.1978) (same). "[U]nlike a private litigant, the SEC is not required to show irreparable injury or a balance of equities in its favor." *SEC v. Life Partners, Inc.*, 898 F.Supp. 14, 18 (D.D.C.1995); *rev'd and remanded on other grounds*, 87 F.3d 536 (D.C.Cir.1996).

In this action, the SEC seeks to enjoin David Chen Yu and Quest Capital Strategies, Inc. on the grounds that (1) Yu has violated and is likely to continue to violate an October 15, 2001 Order of the Commission barring him from associating with any broker-dealer in a supervisory capacity, and (2) both Yu and Quest have violated and are likely to continue to violate Section 15(b)(6)(B) of the Exchange Act, which makes it unlawful to act in contravention of such a supervisory bar. *See* 15 U.S.C. § 78*o*(b)(6)(B); SEC Motion for Preliminary Injunction at 4, 8 ("SEC Motion"); SEC Motion, Appendix A, *In the Matter of Quest Capital Strategies, Inc. and Yu*, 2001 WL 1230619, at *10, 2001 SEC LEXIS 2147 at *30 (October 15, 2001) ("the Order"). Based on these alleged violations, the SEC seeks to enjoin Yu from violating the Commission's Order and to enjoin Yu and Quest from violating Section 15(b)(6)(B) of the Exchange Act. *See* SEC Motion at 1.

## II. ANALYSIS

The Court finds that the SEC has made out a "strong *prima facie* case" that defendants have violated the Commission Order and/or the Exchange Act and that there is a "reasonable likelihood" of future violations by both defendants. The SEC therefore is entitled to the requested preliminary injunction. *See SEC v. Int'l Loan Network, Inc.*, 770 F.Supp. at 688.

### A. Evidence of Violations

By Order of October 15, 2001, the Securities and Exchange Commission barred Yu from "association with any broker-dealer or investment adviser in a supervisory capacity." *In the Matter of Quest and Yu*, 2001 WL 1230619, at *11, 2001 SEC LEXIS 2147 at *31. While there is no precise definition of "supervisory capacity" in the Exchange Act, the Commission has long taken the position that a person's classification as a "supervisor" turns on "whether, under the facts and circumstances of a particular case, that person has a requisite degree of responsibility, ability or authority to affect the conduct of" employees. *In the Matter of Gutfreund*, Exchange Act Release No. 31554, 1992 WL 362753 at *15 (1992). Plaintiff argues that defendant Yu has violated this Order by retaining responsibilities at Quest that constitute "association with [a] broker-dealer ... in a supervisory capacity," *In the Matter of Quest and Yu*, 2001 WL 1230619, at *11, 2001 SEC LEXIS 2147 at *31, and that Quest has violated Section 15(b)(6)(B) of the Exchange Act by allowing Yu to retain a supervisory role. Defendant Yu responds that he has complied with the Commission Order by delegating all supervisory responsibilities at Quest to other personnel and by no longer making any supervisory decisions or decisions pertaining to investment of client money. *See* Defendants David Chen Yu and Quest Capital Strategies, Inc.'s Memo-

randum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction at 2.

Although the precise contours of Yu's authority at Quest remain unclear, the Court finds that the SEC has presented strong evidence that Yu retains a significant degree of supervisory control in violation of the Commission's Order and Section 15(b)(6)(B) of the Exchange Act. For instance, on April 18, 2002, many months after the Commission's Order, Yu stated in a letter to the SEC that "we" will consider terminating some registered representatives and that only the day before, Yu had personally interviewed a candidate for the position of Inspector at Quest, a key position that is central to Quest's plan for compliance with the Commission Order, according to Yu. *See* SEC Motion, Exhibit G, Letter from David Chen Yu to SEC, April 18, 2002 at 5–6 ("April 18, 2002 Letter"). Such involvement in the hiring and potential termination of key personnel indicates that Yu has retained supervisory power at Quest to "affect the conduct of the employee[s] whose behavior is at issue" in compliance with the Commission's Order. *See In the Matter of Gutfreund,* 1992 WL 362753 at *15.

In addition, Yu's former attorney stated in a May 17 letter to the SEC that Yu's "secondary responsibilities" include "[a]dvising on compliance issues, making decisions on borderline registered representative applicants and supervising compliance personnel." SEC Motion, Exhibit H, Letter from D.W. Duke to Leslie Kazon, SEC Division of Enforcement, May 17, 2002 at 2. Despite the assertion that "Mr. Yu has complied with [the Commission's] Order by delegating all responsibility for supervising brokers to Quest's compliance officer Steve Skytte," *id.,* Yu's ongoing responsibilities, as detailed by himself and his counsel, reveal his continued exercise of supervisory control over brokers and other key employees at Quest. At the September 17, 2002 hearing on plaintiff's motion for preliminary injunction, counsel for defendant Yu confirmed that Yu has consulted on issues including the termination of registered representatives, the supervision of compliance personnel and the hiring of a compliance Inspector. Counsel stated that even he is not sure whether Yu continues to have the "final word" on these issues. Even if characterized as "secondary," these responsibilities render Yu a supervisor in violation of the Commission's Order and Section 15(b)(6)(B) of the Exchange Act.

It is also worth noting that the individual to whom Yu purportedly delegated supervisory responsibility, Steve Skytte, left Quest on May 31, 2002. *See* Reply Declaration of Sandeep Savla in Support of Plaintiff's Motion for Preliminary Injunction and Other Equitable Relief at ¶ 2. Whatever the reason, the departure of Mr. Skytte undermines defendants' argument that Yu has fully delegated supervisory responsibility. Given the fact that neither Yu nor Quest has submitted reliable evidence of supervisory control by another individual, Yu cannot be said to have delegated fully his powers of supervision in compliance with the Commission's Order. *See In the Matter of Universal Heritage Investments Corp.,* SEC Release No. 19308, 1982 WL 525157 at *5, 1982 SEC LEXIS 210 at *14 (1982) ("The president of a broker-dealer is responsible for compliance . . . unless and until he reasonably delegates particular functions to another person in that firm, and neither knows nor has reason to know that such person's performance is deficient.")

The Court also finds that Quest has violated Section 15(b)(6)(B) of the Exchange Act by permitting Yu to continue to act as a supervisor at Quest. It is undisputed that both Yu and Quest are

and consistently have been aware of the Commission's Order barring Yu from a supervisory role at Quest. Thus, by allowing Yu to retain his supervisory responsibilities, as discussed above, Quest has violated Section 15(b)(6)(B)(ii) of the Exchange Act, which provides that it shall be unlawful for a broker or dealer knowingly to permit a person to remain associated with the broker or dealer in contravention of a Commission Order banning that person's association. *See* 15 U.S.C. § 78*o*(b)(6)(B).

### B. Reasonable Likelihood of Future Violations

■ To determine whether there is a "reasonable likelihood" of future violations, a district court should consider "whether a defendant's violation was isolated or part of a pattern, whether the violation was flagrant and deliberate or merely technical in nature, and whether the defendant's business will present opportunities to violate the law in the future ...." *SEC v. First City Financial Corp.*, 890 F.2d 1215, 1228 (D.C.Cir.1989). No single factor is determinative under this standard. *See id.; see also SEC v. Int'l Loan Network, Inc.*, 770 F.Supp. at 688. Based on the totality of circumstances in this case, the Court finds that the SEC has demonstrated a reasonable likelihood that both Yu and Quest will continue to violate the Commission's Order and/or Section 15(b)(6)(B) of the Exchange Act unless enjoined by this Court.

The Commission's Order banning Yu from a supervisory role was issued on October 15, 2001. It included findings that Yu had committed "egregious" failures to supervise an individual broker and displayed a "particularly disturbing" attitude toward his supervisory responsibilities. *In the Matter of Quest and Yu*, 2001 WL 1230619 at *11, 2001 SEC LEXIS 2147 at

*29–*30. Such a history suggests that Yu's violations are not isolated but part of a greater pattern of defiance of the SEC. Moreover, the SEC has directly informed Yu and Quest of its position that Yu is in violation of the supervisory ban and has received no reliable evidence from Yu to the contrary, other than conclusory assertions that he has delegated supervisory responsibility to others at Quest. *See* Reply Memorandum in Support of Plaintiff's Motion for an Order of Preliminary Injunction at 2, 5. The repeated failures to address the SEC's concerns or provide evidence of compliance demonstrate flagrant violations of the Commission's Order, further supporting an injunction. *See SEC v. First City Financial Corp.*, 890 F.2d at 1228.

The likelihood of continued violation remains high so long as Yu is either unable or unwilling to comply with the supervisory bar, since Yu's position as President of Quest (though not itself determinative of supervisory authority) will afford him many opportunities to continue to violate the bar. Based on defendants' admissions as to Yu's continued supervisory role at Quest, and given the lack of evidence offered by defendants to demonstrate that Yu has fully delegated such responsibilities or otherwise complied with the Commission's Order, the Court finds that there is a reasonable likelihood that defendants will continue to violate the Order and the Exchange Act unless enjoined.

For all of these reasons, the Court will grant plaintiff's motion for preliminary injunction against David Chen Yu and Quest Capital Strategies, Inc. An Order consistent with this Amended Memorandum Opinion was issued on September 25, 2002.

SO ORDERED.